1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD WAYNE COLLINS, | CASE NO. 03-CV-2406 W (POR) |
| Petitioner, | **ORDER DENYING APPLICATION FOR CERTIFICATE OF APPEALABILITY** |
| v. | |
| SYLVIA GARCIA, Warden | |
| Respondent. | [Doc. No. 51] |

On December 3, 2003 Petitioner Donald Wayne Collins ("Petitioner") filed a petition for writ of habeas corpus challenging his May 20, 1997 convictions for lewd acts on a child, using a minor for sex acts, possessing a machine gun, possession of firearm by an ex-felon, and possession of a short-barrel shotgun or rifle. On March 25, 2005, this Court adopted Magistrate Judge Louisa S. Porter's Report and Recommendation ("R&R") denying Petitioner's nine claims for habeas relief.

On April 7, 2005 Petitioner filed a motion for reconsideration on claims four through nine, which was subsequently granted by this Court. On May 5, 2006, Judge Porter issued a Revised Report and Recommendation ("R&R II") recommending that this Court deny the petition as to claims four through nine. On July 3, 2006, this Court adopted the second R&R and denied the petition as to those claims with prejudice. On

1   July 24, 2006, Petitioner filed a notice of appeal to the Ninth Circuit.

2   **I.   FACTUAL BACKGROUND**

3   The facts of this case are set forth more fully in this Court's order adopting the
4   Report and Recommendation. Instead, the Court will focus on the procedural history
5   of Petitioner's case, in both state and federal court, as that history has more bearing on
6   the issues presented in the current petition.

7   On May 20, 1997, the Superior Court of California convicted Petitioner of nine
8   counts of committing a lewd act upon a child; five counts of using a minor for sex acts;
9   one count of possession of a firearm by an ex-felon; three counts of possession of a
10   machine gun; one count of machine gun conversion; and one count of possession of a
11   short barrel shotgun or rifle. In bifurcated proceedings, the jury also found that
12   Petitioner had been convicted of two prior "strike" felonies, for purposes of California's
13   "Three Strikes" law (Cal. Penal Code 667(b)-(I)). Petitioner was originally sentenced
14   to 575 years to life.

15   **A.   STATE COURT PROCEEDINGS**

16   On May 20, 1999, the California Court of Appeal reversed two of the counts of
17   gun crimes and affirmed the remaining counts. The case was then remanded to the
18   Superior Court with instructions for re-sentencing. On remand, the Superior Court
19   reduced Petitioner's sentence to 325 years-to-life. Petitioner again appealed to the
20   California Court of Appeal (Case No. E026350). On January 18, 2001, that court
21   affirmed in part and remanded once more to the Superior Court for re-sentencing. On
22   the same day, Petitioner filed a petition for writ of habeas corpus in the California Court
23   of Appeal, (Case No. E028749), which the court summarily denied on February 23,
24   2001.

25   On the second remand, the Superior Court re-sentenced Petitioner to a total
26   prison term of 275 years-to-life. Petitioner appealed for the third time to the California
27   Court of Appeal (case No. E029590). On November 9, 2001, that court wholly affirmed
28   the Superior Court's sentence and rejected the Petitioner's claims that the sentence

1  constitutes cruel and unusual punishment.  Petitioner then filed a petition for review
2  with the California Supreme Court (Case No. S102269), which was denied on January
3  16, 2002.

4      On April 18, 2002, Petitioner filed a petition for writ of habeas corpus in the
5  Superior Court of California (Case No. SWHSS-5233).  On August 7, 2002, that court
6  denied the petition as untimely, "because each of the grounds raised [in the petition]
7  was present at the time of the affirming of [Petitioner's] conviction by the Court of
8  Appeal on May 20, 1999 . . .[which was] three years ago, and no acceptable reason for
9  delay ha[d] been given." (*Lodgment* 7 at 1).  However, the court also addressed and
10  rejected the merits of Petitioner's claims, concluding that Petitioner had not established
11  a prima facie case entitling him to habeas relief.

12      On October 4, 2002, Petitioner filed a petition for habeas corpus in the California
13  Court of Appeal (Case No. E032493), which that court summarily denied on October
14  9, 2002. (See *Pet. Ex* Q & *App.* H).  On November 21, 2002, Petitioner filed a writ of
15  habeas corpus in the California Supreme Court, (Case No. S111558), which that court
16  denied on July 30, 2003.  (*Lodgment* 8).

17      **B.**   **FEDERAL COURT PROCEEDINGS**

18      On December 3, 2003 Petitioner filed a writ of habeas corpus in this district. In
19  Petitioner's habeas corpus petition, he raised the following nine grounds for relief:

20      1.    Petitioner was denied his constitutional right to due process of law when
21          the trial court improperly excluded certain defense evidence;

22      2.    Petitioner was denied his constitutional right to due process of law when
23          the trial court erred by denying defense requests for additional time to
24          prepare and file a motion for a new trial;

25      3.    Petitioner's Eighth Amendment right to be free from cruel and unusual
26          punishment was violated by the sentence of 275 years-to-life;

27      4.    Petitioner was denied his constitutional right to effective assistance of
28          appellate counsel;

5.    Petitioner was denied his constitutional right to effective assistance of trial counsel;

6.    Petitioner was denied his constitutional right to due process of law when the trial court barred the defense from admitting certain exculpatory evidence;

7.    Petitioner was denied his constitutional right to due process of law when the trial court admitted evidence of prior uncharged bad acts of the Petitioner;

8.    Petitioner's constitutional right to due process of law was violated due to prosecutorial misconduct; and

9.    Petitioner was denied his constitutional right to a fair trial.

(*Petition* at 6-9(e)).

On January 14, 2005 United States Magistrate Judge Louisa S. Porter issued a Report and Recommendation ("R&R") recommending that this Court deny claims one through three on the merits, and claims four through nine because they were procedurally barred as untimely. On March 25, 2005 this Court adopted the R&R and denied the petition. On April 7, 2005 Petitioner filed a motion for reconsideration of this Court's March 25, 2005 order regarding claims four through nine. On June 29, 2005, this Court granted Petitioner's reconsideration motion and denied Respondent's reconsideration motion, remanding the case to Magistrate Judge Porter for an amended report and recommendation regarding claims four through nine.

On May 5, 2006, Magistrate Judge Porter issued a Revised Report and Recommendation ("R&R II") recommending that this Court deny claims four through nine because the claims were procedurally barred as untimely. On July 3, 2006, this Court adopted the Revised R&R and denied the petition with prejudice. On July 24, 2006, Petitioner filed a notice of appeal to the Ninth Circuit. The Court addresses Petitioner's appeal to the Ninth Circuit as a request for a Certificate of Appealability ("COA").

03cv2406

## II.   LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), a state prisoner may not appeal the denial of a Section 2254 habeas petition unless he obtains a Certificate of Appealability ("COA") from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(A); see also United States v. Asrar, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under the AEDPA). In deciding whether to grant a COA, a court must either indicate the specific issues supporting a certificate or state reasons why a certificate is not warranted. Id. at 1270. A court may issue a certificate of appealability only if the applicant has made a "substantial showing" of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court has further elaborated on the meaning of this requirement:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy Section 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong ... When the district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000).

In determining whether to provide habeas corpus relief, the district court presumes state court findings of fact are correct unless rebutted by clear and convincing evidence. Gonzales v. Pliler, 341 F.3d 897, 903 (9th Cir. 2003).

## III.   DISCUSSION

This Court denied grounds one through three of Petitioner's habeas corpus petition on the merits, and denied grounds four through nine of the petitioner as barred by the affirmative defense of procedural default. Petitioner failed to file any pleadings

1  in support of his appeal to the Ninth Circuit.  However, the Court will consider
2  Petitioner's COA motion under the <u>Slack</u> standard.

3  **A.   GROUND ONE- TRIAL COURT DENIED PETITIONER RIGHT TO**
4  **PRESENT DEFENSE**

5  When a habeas petition is denied on its merits, "the petitioner must demonstrate
6  that reasonable jurists would find the district court's assessment of the constitutional
7  claims debatable or wrong" for this Court to issue a COA.  <u>Slack</u>, 120 S.Ct. at 1604.
8  Petitioner argued that he was denied his right to present a defense under the Fifth
9  Amendment when the trial court restricted defense counsel's opening statement and
10  cross-examination of two witnesses.  Petitioner claims the trial court "erred in
11  restricting defense counsel's opening statements and cross examination of two
12  witnesses, Ryan and Tamara Stebbins, thus 'improperly limit[ing] the ability of the
13  defense to present evidence that another person [Stephenson] committed the charged
14  sex offenses." (<i>R&R</i> at 7.)

15  When the erroneous exclusion of defense evidence completely deprives
16  Petitioner the opportunity to defend the charges against him, such an evidentiary ruling
17  may violate Petitioner's due process Fifth Amendment right to a fair trial. <u>De Petris v.</u>
18  <u>Kuykendall</u>, 239 F.3d 1057, 1067 (9th Cir. 2001)(citing <u>Chambers v Mississippi</u>, 410
19  U.S. 284, 294 (1973).  A state evidentiary ruling generally raises only an issue of state
20  law and is not a matter for federal habeas corpus review, unless it resulted in a state
21  conviction in violation of the Constitution, laws, or treaties of the United States. <u>Rose</u>
22  <u>v. Hodges</u>, 423 U.S 19, 21 (1975).  To obtain federal habeas relief for an erroneous
23  evidentiary ruling, a petitioner must demonstrate the error "had substantial and
24  injurious effect or influence in determining the jury's verdict." <u>Brecht v. Abrahamson</u>,
25  507 U.S. 619, 637 (1993).

26  After a thorough review of the record in this matter, including prior state court
27  trial and appellate decisions, Magistrate Judge Porter determined that Petitioner had
28  not been denied the right to present a defense under the Fifth Amendment because the

1  substance of what defense counsel wanted to present via statement and cross-
2  examination of witnesses was ultimately disclosed to the jury through Petitioner's own
3  direct testimony.  Therefore, the exclusion of the statement and cross-examinations
4  could not have had substantial and injurious effect in determining the jury's verdict
5  because the information was presented to the jury for their consideration through direct
6  testimony.  See Brecht, 507 U.S. at 637.

7          The Court finds that under the Slack standard, reasonable jurists would not find
8  that the Court's assessment regarding Petitioner's Fifth Amendment rights was
9  debatable or wrong.  Slack, 120 S.Ct. at 1604

10  **B.**    **GROUND TWO- DENIAL OF CONTINUANCE AND CONSTITUTIONAL**
11          **RIGHT TO COUNSEL**

12          Petitioner argued that the trial court erred by denying a further continuance to
13  allow defense counsel additional time to prepare a motion for a new trial.  (R&R at 11.)
14  Petitioner argues that the denial of the continuance amounted to a violation of his
15  constitutional right to effective assistance of counsel. (Lodgment 6 at 17-18.) Before the
16  jury returned their verdict in the bifurcated proceeding regarding Petitioner's prior
17  offenses, Petitioner's trial counsel informed the trial court that Petitioner desired to
18  move for a new trial on the basis of trial counsel's incompetence. (R&R at 11.) Another
19  attorney ("special counsel") was appointed to represent Petitioner on the issue of the
20  motion for a new trial, and the trial court scheduled a hearing for the motion for a new
21  trial and for sentencing for 90 days later.  (Id.)

22          On the date scheduled for the hearing, no motion for a new trial had been filed,
23  and special counsel arrived after the sentencing began, stating he had not had sufficient
24  time to review the trial transcripts. (Id.) Special counsel requested a continuance on
25  these grounds which was denied because the trial court found that the trial transcripts
26  had been available for special counsel's review for at least four weeks. (Id.)

27          The disposition of a continuance request is within the discretion of the trial court
28  and will ordinarily not be reviewed. Avery v. Alabama, 308 U.S. 444 (1940). Refusal

1   to grant a continuance violates federal due process only in extreme cases, as where
2   counsel has had only one day to prepare for trial, Everitt v. United States, 281 F.2d 429,
3   435 (5ᵗʰ Cir. 1960), and where a material witness was unavailable, Scott v. United
4   States, 263 F.2d 398, 401 (5ᵗʰ Cir. 1959). Here, the last reasoned state court opinion
5   addressing Petitioner's claims regarding the continuance is the state appellate court
6   decision in Case No. E021378. The appellate court held that the trial court did not
7   abuse its discretion by refusing to grant a continuance because it was special counsel's
8   burden to check on the availability of the transcript at regular intervals, and "[h]is
9   failure to do so does not render the trial court's denial of a further continuance at the
10  time of sentencing unreasonable." (*Lodgement* 2 at 10.)

11      This Court agrees. It is special counsel's responsibility to regularly inquire as to
12  a transcript's availability, not the duty of a trial court to ensure counsel has obtained
13  the transcript. Reasonable jurists could not find this conclusion debatable or wrong,
14  therefore, Petitioner's COA request is denied as to this portion of claim 2.

15      To establish Petitioner's claim that he was denied effective assistance of counsel,
16  Petitioner has the burden to show that counsel's action or inaction resulted in prejudice
17  to Petitioner. Strickland v. Washington, 466 U.S. 668, 685 (1984). The state appellate
18  court held that special counsel's failure to bring a timely motion for a new trial did not
19  constitute incompetency of counsel because Petitioner did not show that such a motion
20  was potentially meritorious, thereby failing to carry his burden to show prejudice . (*Id.*
21  at 13.) Furthermore, Petitioner concedes that he could not establish ineffective
22  assistance of counsel. (*Lodgement* 6 at 16.) In light of the above, reasonable jurists
23  would not find this Court's conclusion that Petitioner's claim regarding ineffective
24  assistance of trial counsel was debatable or wrong.

25      C.   GROUND THREE- CRUEL AND UNUSUAL PUNISHMENT

26      Petitioner argued that his sentence of 275 years to life is excessive and grossly
27  disproportionate to his crimes, and therefore amounts to cruel and unusual punishment
28  in violation of the California and United States Constitutions. (*Lodgement* 6 at 24-32.)

1         Petitioner was convicted of several counts of sexual crimes against children and

2 had two prior felony convictions, or "strikes", for lewd and lascivious acts upon a child

3 (Cal. Penal Code §288). Petitioner was originally sentenced to serve 575 years to life,

4 and after two remands, his sentence was reduced to 275 years to life. After considering

5 Petitioner's offenses, the state appellate court in Case No. E029590 held that

6 Petitioner's sentence "was not disproportionate to these particular offenses and this

7 offender". (*Lodgement* 5 at 9.)

8         The Eighth Amendment forbids only extreme sentences that are "grossly

9 disproportionate" to the crime, and applies only in 'exceedingly rare' and 'extreme'

10 cases. See <u>Rummell v. Estelle</u>, 445 U.S. 263, 284-85 (1980)(life sentence imposed

11 under recidivist statute for three time offender convicted of obtaining approximately

12 $120 by false pretenses did not violate Eighth Amendment); <u>Ewing v. California</u>, 538

13 U.S. 11, 18-19 (2003) (25 years to life sentence for three strikes offender who stole

14 three golf clubs upheld).

15         After a thorough review of the record, underlying trial court and state appellate

16 court decisions, and the current pleadings, Magistrate Judge Porter recommended that

17 this Court deny Petitioner's habeas corpus petition as to his cruel and unusual

18 punishment claim because the sentence was not "grossly disproportionate" to the

19 crimes. This Court subsequently adopted Judge Porter's recommendation, and denied

20 Petitioner's Eighth Amendment claim. In light of the reduction of his sentence from

21 575 years-to-life to 275 years-to-life through considered appellate decisions, no

22 reasonable jurist could disagree that Petitioner's three strikes violation merits his

23 current sentence and is not grossly disproportionate to the crimes. Therefore the

24 Court's denial of Petitioner's third claim cannot be considered debatable or wrong.

25      **D.**    **GROUNDS 4-9**

26         When a habeas petition is denied on procedural grounds, the two-part test

27 established in <u>Slack</u> applies and a COA is warranted if the petitioner shows that "jurists

28 of reason would find it debatable whether the petition states a valid claim of the denial

                                  03cv2406

1  of a constitutional right *and* that jurists of reason would find it debatable whether the
2  district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis
3  added).  The test has two components which *must* be satisfied, "one directed at the
4  underlying constitutional claims and one directed at the district court's procedural
5  holding." Id. at 484-85.  Thus, a court may dispose of a COA application if the
6  petitioner fails to make either showing. Id. at 485. Indeed, "[w]here a plain procedural
7  bar is present and the district court is correct to invoke it to dispose of the case, a
8  reasonable jurist could not conclude either that the district court erred in dismissing the
9  petition or that the petitioner should be allowed to proceed further." Id. at 484.

10      In his motion for reconsideration, Petitioner argued that claims four through nine
11  were improperly denied on the basis of the procedural default affirmative defense
12  because (1) Respondent failed to meet its initial burden of adequately pleading a
13  procedural bar as an affirmative defense; (2) California's procedural bar for
14  untimeliness, as of the date that Petitioner's claims proced urally defaulted, was
15  inadequate; (3) the Superior Court's order that imposed the procedural bar was
16  ambiguous because it also addressed the merits of Petitioner's claims; and (4) assuming
17  arguendo that the untimeliness rule was adequate, Petitioner fits into an exception to
18  the procedural bar because he can demonstrate "cause and prejudice" for the delay.
19  [Doc. No 41 at 4,8,11,14.]

20      Generally, a federal court will not review a petitioner's claims if a state court has
21  denied relief of those claims on the basis of a state law that is independent of federal law
22  and adequate to support the judgment. Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991).
23  A procedural rule is only adequate if it was "clear, consistently applied, and well-
24  established at the time of petitioner's purported default." Powell v. Lambert, 357 F.3d
25  871, 874 (9th Cir. 1999)(citations omitted).  In Bennett v. Mueller, 322 F.3d 573 (9th
26  Cir. 2003 ("Bennett I") the Ninth Circuit announced a new burden shifting analysis on
27  the issue of whether a state procedural rule was "adequate". Id. at 586.  Under this
28  analysis, once the state has pled the existence of the procedural rule barring the

1 petitioner's claim, the burden shifts to the petitioner to rebut the defense by "asserting
2 specific factual allegations that demonstrate the inadequacy of the state procedure,
3 including citation to authority demonstrating the inconsistent application of the rule.
4 Id.

5      Here, Petitioner argued that California's timeliness bar was inconsistently applied
6 as illustrated by two district court cases, and ninety-six capital habeas cases he cited in
7 his November 28, 2005 traverse. [Doc. No. 41.]   After a thorough review of
8 Petitioner's newly proffered case law and factual assertions, Magistrate Judge Porter
9 issued a Revised R&R finding that the two district court cases which Petitioner cited
10 are instructive, but insufficient to meet Petitioner's interim burden." (*Revised R&R* at
11 10.)

12      As to Petitioner's list of 96 presumptively untimely capital habeas cases, the
13 Court found that Petitioner did not cite to any text or language of the opinions as
14 required under Bennett I, and therefore the reasons for the state court's decision are
15 unknown and it is impossible to determine whether or not the procedural bar was being
16 consistently applied. 322F.3d at 584.   In addition, the Court found that "[w]hen
17 determining the adequacy of a procedural bar in a noncapital case, it is inappropriate
18 to only analyze the application of the procedural bar in capital cases." (*Revised R&R*
19 at 11.)  The Court held that Petitioner had failed to satisfy his interim burden under the
20 Bennett scheme because he did not put forth sufficient evidence to place Respondent's
21 procedural bar defense "in issue." See Bennett, 322 F.3d at 586.   Therefore, the Court
22 found that California's timeliness bar was an adequate state ground upon which to rely
23 in denying Petitioner's claim.

24      Upon review, "jurists of reason" could not find the Revised R&R and this Court's
25 subsequent adoption of the Revised R&R regarding California's timeliness bar debatable
26 or wrong.  The Court  allowed Petitioner a second chance to show that California's
27 procedural bar was inconsistently applied when it granted his reconsideration petition
28 thereby allowing him access to unpublished opinions.  Petitioner then had the

1   opportunity to rebut the defense by "asserting specific factual allegations that
2   demonstrate the inadequacy of the state procedure, including citation to authority
3   demonstrating the inconsistent application of the rule." Bennett, 322 F.3d at 586.

4        However, even after being appointed counsel and obtaining access to previously
5   inaccessible unpublished opinions, Petitioner relied solely on two distinguishable district
6   court cases, and numerous capital cases in which no written opinion was cited.
7   Petitioner was clearly afforded ample opportunity to demonstrate that the California
8   timeliness bar was inadequate but the facts and authority Petitioner cited did not
9   demonstrate that the procedural bar had been inconsistently applied at the time of his
10  purported default. Powell, 357 F.3d at 874. Accordingly, the Court properly held that
11  Petitioner's procedural default barred his habeas claims. No reasonable jurist could
12  conclude otherwise. Slack, 529 U.S. at 484. Because Petitioner's habeas claims were
13  properly denied as procedurally defective, and no reasonable jurist would find it
14  debatable, Petitioner has not satisfied the second component of the Slack test. Id. at
15  484-85. As such, a COA is unwarranted. An analysis of whether Petitioner has satisfied
16  the first component of the Slack test is therefore unnecessary. Id.

17       IV.   CONCLUSION AND ORDER

18       For the foregoing reasons, the Court **DENIES** Petitioner's application for a
19  Certificate of Appealability. [Doc. No. 51].

20

21       **IT IS SO ORDERED.**

22

23  **DATE: September 26, 2006**

24                                              HON. THOMAS J. WHELAN
25                                              United States District Court
                                                Southern District of California
26  CC:   ALL PARTIES

27

28

- 12 -                                                                    03cv2406